**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO.  22-391** |
| | : | |
| **MELVIN LESLIE** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                          **March 7, 2024**

     Melvin Leslie represents himself as a self-professed sovereign citizen awaiting trial this April on drug and firearm charges. Judge Hey ordered a psychiatric evaluation following his first appearance in court. Judge Wells studied the timely evaluation in February 2023 and found Mr. Leslie suffered from a mental disease or defect rendering him mentally incompetent and unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. She ordered a full hospital evaluation at a federal medical center. The Bureau of Prisons awaited a bed to open at a Federal Medical Center. He remained in federal facilities awaiting the hospitalization for months until later in 2023. The doctors eventually found in early 2024 he suffered from a mental disease but is competent to stand trial. He elects to proceed to the April 24, 2024 trial without counsel after a lengthy discussion of the risks with Judge Arteaga.

     Mr. Leslie moves to dismiss arguing the United States improperly delayed trial past the seventy days under the Speedy Trial Act while transporting him among Facilities. We disagree. There is no basis to find the United States kept him in transit for more than ten days. He (and many others) regrettably wait several months for a hospital bed to open for a psychiatric evaluation in a federal medical center. The time between Judge Wells's finding Mr. Leslie not competent last February subject to further testing until Judge Arteaga found him competent based on the more fulsome psychiatric evaluation in February 2024 does not count under the Act. We deny Mr.

Leslie's motion to dismiss. We will timely proceed to trial this April 24th before the May 2024 Speedy Trial Act deadline absent a pretrial resolution.

## I.  Background

Our grand jury charged Melvin Leslie on November 8, 2022 with possession with intent to distribute twenty-eight grams or more of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm.[1] Mr. Leslie first appeared before Judge Wells on December 29, 2022. Judge Wells set a detention and arraignment hearing for January 3, 2023 before Judge Elizabeth Hey.

### *Judge Hey ordered a mental competency evaluation of Mr. Leslie on January 3, 2023.*

Judge Hey held a detention hearing on January 3, 2023. Judge Hey attempted to conduct a waiver of counsel colloquy but Mr. Leslie either could not or would not cooperate in the proceeding, challenging the court's authority over him by asserting he is a sovereign citizen. Counsel from the Federal Defender Association reported Mr. Leslie declined to meet with her when she attempted a prison visit with him. Judge Hey noted a Pretrial Services report disclosing Mr. Leslie's diagnosed depression and post-traumatic stress disorder as a child. Judge Hey found reasonable cause under 18 U.S.C. §§ 4241(a), (b) to believe he may be suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and a mental competency assessment should be made.[2] Judge Hey ordered Mr. Leslie to undergo a mental competency examination and evaluation of his need for psychiatric treatment at the Federal Detention Center in Philadelphia.[3]

A psychologist conducted a psychological evaluation of Mr. Leslie at the Federal Detention Center in Philadelphia on February 8, 2023 and prepared a report on February 22, 2023. The psychologist concluded Mr. Leslie is not competent to stand trial.

### Judge Wells finds Mr. Leslie mentally incompetent and orders further examination.

Mr. Leslie appeared before Judge Wells for a competency hearing on February 23, 2023. Judge Wells considered the competency evaluation and found by a preponderance of the evidence Mr. Leslie suffered from a mental disease or defect rendering him mentally incompetent and unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.[4] Judge Wells ordered Mr. Leslie committed to the custody of the United States to be hospitalized for further evaluation and treatment until June 23, 2023 (120-days from the date of her Order).[5]

### Mr. Leslie remained in custody at the FDC in Philadelphia from February 23 to October 17, 2023.

Mr. Leslie remained at the FDC for approximately eight months. Mr. Leslie pro se moved for relief and filed "Affidavit(s) of Truth," letters, and notices objecting to the charges against him because the United States does not have jurisdiction over him as a sovereign citizen.[6]

The United States transferred Mr. Leslie from the FDC in Philadelphia to a facility in Brooklyn, New York on October 17, 2023.[7] Mr. Leslie contends he remained at the Brooklyn facility on "in transit" status en route to the Federal Medical Center (FMC) Devens in Massachusetts for a competency evaluation.

### Medical professionals evaluate Mr. Leslie at FMC Devens in fall 2023—early winter 2024.

Mr. Leslie remained at the Brooklyn facility until November 16, 2023 when the United States transferred him to FMC Devens, Massachusetts.[8] A licensed psychologist Board Certified in forensic psychology Chad Brinkley, Ph.D. evaluated Mr. Leslie from his admission on

November 16, 2023 to January 9, 2024. Mr. Leslie contends he remained on "in transit" status while in FMC Devens.

Dr. Brinkley issued a January 9, 2024 report concluding Mr. Leslie has a mental disease but he does not have a mental defect, he has a factual and rational understanding of the nature and consequences of the proceedings against him, and he is capable of working with an attorney and assisting with his defense. Dr. Brinkley concluded Mr. Leslie is competent to proceed.

### The Bureau of Prisons discharges Mr. Leslie from FMC Devens for transfer to FDC Philadelphia.

The United States discharged Mr. Leslie from FMC Devens on January 17, 2024 and transported him to United States Penitentiary Lewisburg, Pennsylvania.[9] He remained at the Lewisburg facility until January 31, 2024 when the United States returned him to the FDC Philadelphia. Mr. Leslie contends he remained on "in transit" status from January 17 to January 31, 2024.

### Mr. Leslie moved to dismiss the indictment.

Mr. Leslie moved pro se to dismiss the indictment on February 20, 2024, claiming a violation of his rights under the Speedy Trial Act.[10] Mr. Leslie believes he spent 263 days on "in transit" status, well beyond the ten-day period found as "reasonable" under the Speedy Trial Act, awaiting transfer to FMC Devens.

### The February 22, 2024 competency hearing.

Judge Arteaga held a competency hearing on February 22, 2024.[11] Judge Arteaga considered Dr. Brinkley's evaluation, arguments of counsel, and his own observation of Mr. Leslie and concluded Mr. Leslie is competent to assist in his own defense.[12] Judge Arteaga entered an Order on February 23, 2024 finding Mr. Leslie competent to assist in his own defense.[13] Judge Arteaga considered Mr. Leslie's oral motion to proceed pro se, the United States' argument in

4

response, and Mr. Leslie's participation in a *Peppers* colloquy and found Mr. Leslie may proceed pro se with the Federal Defender as standby counsel.[14]   Judge Arteaga further scheduled a detention hearing before Judge Wells.

Judge Wells granted the United States' Motion for detention and ordered Mr. Leslie detained pending further proceedings.[15] We scheduled trial on the three charges in the Indictment for April 24, 2024.[16]

## II.  Analysis

Mr. Leslie moves pro se to dismiss the indictment with prejudice, arguing his detention since at least Judge Wells's February 23, 2023 Order directing a mental competency evaluation violates the Speedy Trial Act.[17] The United States counters there is no violation of Mr. Leslie's right to a speedy trial because most of the elapsed time is excluded under the Act because Judge Wells found Mr. Leslie mentally incompetent on February 23, 2023.[18] We find the time between Judge Wells's preliminary finding of incompetence until Judge Arteaga's February 23, 2024 finding he is competent for trial based on extensive psychiatric testing is not counted against the seventy-day clock under the Speedy Trial Act. The United States must proceed to trial by May 1, 2024 at the earliest (not including excludable time for motions) under the Act. We are set for trial beginning on April 24, 2024.

The Speedy Trial Act requires Mr. Leslie to be brought to trial within seventy days from the filing date and making public of the indictment or from the date Mr. Leslie first appeared before the court, "whichever date last occurs."[19] If trial is not commenced within seventy days—not counting excludable time—the indictment "shall be dismissed on motion of the defendant."[20] Congress places the burden of proof on Mr. Leslie of supporting his motion but the United States has the burden of "going forward with the evidence in connection with any exclusion of time …"[21]

Congress requires we dismiss the indictment; whether to do so with or without prejudice turns on our consideration of "each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."[22]

Congress, through the Speedy Trial Act, excludes certain time periods from the seventy-day period. Relevant here are the following periods of delay excluded in computing time under section 3161(h) of the Act:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;[23]

. . .

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;[24]

…

(F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;[25]

(4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.[26]

Mr. Leslie asserts he spent 253 days on "in transit" status waiting in the FDC in Philadelphia to be transferred to FMC Devens for evaluation. His calculation is based on the date of Judge Wells's February 23, 2023 Order directing the United States to conduct a mental competency evaluation to the date of his admission to FMC Devens on November 16, 2023.[27] He allowed for ten days of transit under section 3162(h)(1)(F), subtracted ten from 263 (the number

he calculated between February 24, 2023 and November 16, 2023) and reached a number of 253 days "in transit" he contends is non-excludable time under the Speedy Trial Act.[28]

The United States responds certain periods of delay are excluded in computing time: Congress in section 3161(h)(1)(A) excludes "delay resulting from any proceeding, including examinations, to determine the mental competency … of the defendant" and section 3161(h)(4) excludes "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial."[29] The United States relies on section 3161(h)(4), arguing the period of time from February 23, 2023, when Judge Wells found Mr. Leslie not mentally competent to stand trial, until February 22, 2024, when Judge Arteaga held a competency hearing and found Mr. Leslie competent to stand trial is excludable from the speedy trial clock. The United States argues because Judge Wells found Mr. Leslie not competent on February 23, 2023, any delay in transportation thereafter is not counted against the speedy trial clock.

Our colleague Judge Surrick addressed this issue almost four years ago in *United States v. Robles–Otanez*.[30] Judge Surrick declared Mr. Robles–Otanez not competent to stand trial and ordered he undergo medical treatment.[31] Mr. Robles–Otanez remained at the FDC in Philadelphia for over one year from the date of the order having never been transported for the court-ordered medical treatment. Mr. Robles–Otanez moved to dismiss the indictment arguing his continued detention violated his rights under the Speedy Trial Act.

Mr. Robles–Otanez argued, like Mr. Leslie, dismissal of the indictment is required because Congress in section 3162(h)(1)(F) allows only ten days to be excluded from the speedy trial clock for transportation to places for hospitalization. Mr. Robles–Otanez argued because the United States never transported him to a medical facility for treatment, all time accrued since the court's incompetence finding is not excludable under the Act.[32]

Judge Surrick rejected Mr. Robles–Otanez's argument. Judge Surrick found the overwhelming weight of authority does not support Mr. Robles–Otanez's argument even though our Court of Appeals has not squarely addressed the issue.[33] Judge Surrick cited cases from the Seventh, Ninth, and Eleventh Circuit Courts of Appeal all finding once the speedy trial clock is stopped on a judicial finding of incompetence under section 3161(h)(4), any transportation delays after such finding only occur when the speedy trial clock has already been stopped and do not count against any speedy trial calculations.[34] Judge Surrick also cited district court cases within our Circuit and in other districts finding similar delay excludable because a court had already found mental incompetency.[35] Based on the weight of authority, Judge Surrick concluded once he found Mr. Robles–Otanez incompetent, all time thereafter is excluded from speedy trial calculations until a finding of competency to stand trial regardless of the delay in transportation to a medical facility for treatment.[36]

We are persuaded by Judge Surrick's thoughtful analysis. We distinguish, as did Judge Surrick, our Court of Appeals's analysis in *United States v. Williams* addressing transportation time under the Speedy Trial Act.[37] Mr. Williams appealed from his conviction arguing a violation of his rights under the Act. The United States charged Mr. Williams with firearms offenses. Judge Gomez ordered Mr. Williams to be transported to a federal medical center to undergo a psychological examination. Forty-seven days elapsed between Judge Gomez's Order for a psychological examination and the date Mr. Williams arrived at a federal medical facility for evaluation.[38] Our Court of Appeals held ten days of the forty-seven days are automatically excludable under section 3161(h)(1)(F), but the remaining thirty-seven-day period is "presumptively unreasonable and, therefore, presumptively non-excludable."[39] The United States conceded a separate fifty-three-day period of non-excludable delay. When added to the thirty-

seven days of unreasonable "transportation" time, the total time exceeded seventy days and violated the Speedy Trial Act.[40] We are instructed a period of delay excludable under section 3161(h)(1)(A)—"delay resulting from any proceeding, including examinations, to determine the mental competency … of the defendant"—is limited by the specific ten-day limit of section 3161(h)(1)(F) excluding transportation to and from places of examination.[41] Our Court of Appeals limited its holding to the impact of section 3161(h)(1)(F) on section 3161(h)(1)(A), and specifically did not "opine on the interplay between section 3161(h)(1)(F) and other subsections of section 3161(h), *including section 3161(h)(4), which excludes periods of delay resulting from the fact that the defendant is actually mentally incompetent*."[42]

Unlike *Williams*, we have a judicial determination by Judge Wells of mental incompetency under section 3161(h)(4). The time from Judge Wells's determination of incompetency on February 23, 2023 to the date Judge Arteaga found Mr. Leslie competent on February 22, 2024 is excluded from Speedy Trial Act calculations notwithstanding the subsequent delay in transporting Mr. Leslie from FDC Philadelphia to FMC Devens. Mr. Leslie misunderstands section 3161(h)(1)(F)'s "in transit" section where there is a judicial determination of mental incompetency stopped the speedy trial clock.

Even without applying excludable time before Judge Hey's January 3, 2023 Order directing a mental competency examination and after Judge Arteaga's February 22, 2024 finding Mr. Leslie competent to stand trial, Mr. Leslie's speedy trial clock yields a trial date by May 2024. We scheduled Mr. Leslie for trial on April 24, 2024, well before the seventy-day limit set by Congress in the Act.

## III.  Conclusion

We deny Mr. Leslie's Motion to dismiss the indictment.

---

[1] ECF No. 1. The grand jury's indictment charged Mr. Leslie with one count of possession with intent to distribute twenty-eight grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).

[2] ECF No. 8.

[3] *Id.*

[4] ECF No. 15.

[5] *Id.*

[6] *See* ECF Doc. Nos. 11, 13, 17, 19, 21, 23.

[7] ECF No. 27 ¶ 5.

[8] *Id.*¶ 6.

[9] *Id.* ¶ 8.

[10] ECF No. 27. Mr. Leslie dated his motion February 18, 2024; the mailing envelope bears a date stamp of February 20, 2024; and the Clerk's office docketed the motion on February 22, 2024.

[11] ECF No. 31.

[12] *Id.*

[13] *Id.*

[14] ECF No. 32.

[15] ECF No. 40.

[16] ECF No. 37.

[17] 18 U.S.C. § 3161.

[18] ECF No. 43.

[19] 18 U.S.C. § 3161(c)(1).

[20] *Id*. § 3162(a)(2).

[21] *Id.*

[22] *Id.*

[23] 18 U.S.C. § 3161(h)(1)(A).

[24] *Id.* § 3161(h)(1)(D).

[25] *Id.* § 3161(h)(1)F).

[26] *Id.* § 3161(h)(4).

[27] Based on our calculation, the period from February 23, 2023 to November 16, 2023 is 266 days. Mr. Leslie used the start date of February 24, 2023, the date the Clerk's Office docketed Judge Wells's February 23, 2023 Order.

[28] Mr. Leslie also argues there is non-excludable time before Judge Wells's February 23, 2023 Order and after his November 16, 2023 admission to FMC Devens he did not include in his calculation. He does not explain which time or how much time in the pre-February 23, 2023 and post-November 16, 2023 time periods are non-excludable or why such time is non-excludable.

[29] 18 U.S.C. §§ 3161(h)(1)(A), (h)(4).

[30] No. 19-296, 2020 WL 6321575 (E.D. Pa. Oct. 28, 2020).

[31] *Id.* at *2.

[32] *Id.*

[33] *Id.* (collecting cases).

[34] *Id.* (collecting cases).

[35] *Id.* at *3 (collecting cases).

[36] *Id.*

[37] 917 F.3d 195 (3d Cir. 2019).

[38] *Id.* at 203–04.

[39] *Id.* at 204.

[40] *Id.*

[41] *Id.* at 203.

[42] *Id.* at n. 7 (emphasis added).