IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | NO. 22-391 |
| | : | |
| **MELVIN LESLIE** | : | |

## ORDER-MEMORANDUM ON ORAL MOTION

**AND NOW**, this 22nd day of April 2024, upon reviewing the Defendant's pro se oral Motion to dismiss the felon in possession charge as unconstitutional as applied presented during last week's status conference (ECF No. 75), the United States' Response (ECF No. 81), today's oral argument, and for reasons more fully detailed on the record today, it is **ORDERED** Defendant's oral Motion to dismiss is **DENIED**.

### *Analysis*

Our grand jury charged Melvin Leslie with possession with intent to distribute twenty-eight grams or more of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon based on several earlier Pennsylvania convictions.[1] We are set for trial later this week. Mr. Leslie has repeatedly confirmed his competence and desire to proceed in representing himself but we appointed stand-by counsel. Mr. Leslie orally moved at last week's status conference to dismiss the felon in possession of a firearm under section 922(g) charge arguing the charge is unconstitutional as applied to him following our Court of Appeals's 2022 decision in *Range v. Attorney General* because he used the gun leading

---

[1] ECF No. 1.(citing 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C)[cocaine distribution]; 18 U.S.C. § 924(c)(1)(A)(i)[firearm possession in furtherance of a drug trafficking crime]; and 18 U.S.C. § 922(g)(1)[felon in possession]).

to a plea over ten years ago in self-defense during a shootout on the streets.[2] The United States counters Mr. Leslie's earlier convictions show he is a danger to others and can be subject to firearm regulation consistent with our Nation's history and tradition.[3]

Mr. Leslie's felon status is predicated on nine earlier state court convictions in three other cases, including (1) 1992 convictions for robbery under 18 PA. CONS. STAT. § 3701 and criminal conspiracy under 18 PA. CONS. STAT. § 903 arising from an incident in which Mr. Leslie and others attacked a group of individuals and stole a jacket; (2) 1994 convictions for criminal conspiracy under 18 PA. CONS. STAT. § 903, simple assault under 18 PA. CONS. STAT. § 2701, aggravated assault under 18 PA. CONS. STAT. § 2702, robbery under 18 PA. CONS. STAT. § 3701, and carrying a firearm in public under 18 PA. CONS. STAT. § 6108 arising from an incident in which Mr. Leslie threatened an individual with a gun and stole $200 and a gold chain; and, (3) 2013 firearms convictions under 18 PA. CONS. STAT. §§ 6105 and 6106. These earlier state convictions precluded Mr. Leslie from carrying a firearm consistent with Congress's prohibition in section 922(g) of firearm possession by a person earlier convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

The Supreme Court two years ago sets a history-based framework for determining the constitutionality of firearm regulations: "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."[4]

---

[2] 69 F.4th 96 (3d Cir. 2022).

[3] ECF No. 81.

[4] *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022).

Our Court of Appeals in *Range* provided guidance for determining whether section 922(g)(1) is constitutional as applied to a particular defendant a few months after *Bruen*. Mr. Range pleaded guilty in 1995 to making false statements to obtain food stamps, a misdemeanor punishable by up to five years' imprisonment under Pennsylvania law.[5] Mr. Range tried to buy firearms for hunting and self-defense but was barred because of his conviction. He argued section 922(g)(1) violates the Second Amendment as applied to him. Applying *Bruen*, our Court of Appeals found Mr. Range is one of "the people" with Second Amendment rights, rejecting the United States' contention the Second Amendment applies only to "law-abiding, responsible citizens."[6] The Court of Appeals also found the Second Amendment regulated Mr. Range's conduct because he requested a rifle to hunt and a shotgun for self-defense in the home. But our Court of Appeals found the United States could not satisfy its burden of showing permanent disarmament of Mr. Range under section 922(g)(1) is "consistent with the Nation's historical tradition of firearm regulation" because the historical law prohibiting convicted felons from possessing firearms applied only to violent criminals and the state court had not convicted Mr. Range of a violent crime.[7]

We apply the two-prong test established by our Supreme Court in *Bruen* and applied by our Court of Appeals in *Range*. There is no dispute Mr. Leslie is one of "the people" protected by the Second Amendment under *Range* as the United States concedes.[8] The United States argues the Second Amendment does not protect Mr. Leslie's conduct because he committed the

---

[5] *Id.* at 98–99.

[6] *Id.* at 101–03.

[7] *Id.* at 103–06.

[8] ECF No. 81 at 7.

instant offenses while on probation. We need not address whether the Second Amendment covers Mr. Leslie's conduct because even if it does, the United States has met its burden of showing section 922(g)(1) is "consistent with the Nation's historical tradition of firearm regulation."[9]

Mr. Leslie's earlier convictions for robbery and aggravated assault place him firmly in the category of those who have been disarmed consistent with our Nation's historical tradition. The facts in *Range* are readily distinguishable. We are facing much different state crimes than the one presented by Mr. Range's food stamp conduct. Mr. Leslie's earlier state convictions include two robbery convictions and one conviction for aggravated assault. Mr. Leslie's 1993 robbery conviction is a felony of the first degree. "First-degree robbery is defined as committing a theft by "(i) inflict[ing] serious bodily injury upon another; (ii) threaten[ing] another with or intentionally put[ting] him in fear of immediate serious bodily injury; [or] (iii) commit[ting] or threaten[ing] immediately to commit any felony of the first or second degree."[10] Mr. Leslie's 1993 aggravated assault conviction is a felony of the second degree. Second-degree aggravated assault requires intent to cause bodily injury with a deadly weapon.[11]

Section 922(g)(1) is constitutional as applied to Mr. Leslie. His earlier state convictions

---

[9] *Bruen*, 597 U.S. at 24; *see also, United States v. Johnson*, No. 23-77, 2023 WL 6321767, at *2 (E.D. Pa. Sept. 27, 2023) (finding no need to address whether the Second Amendment covers the defendant's conduct under the first prong of the *Bruen* test because the United States met its burden under the second prong to show section 922(g)(1) as applied to defendant is "consistent with the Nation's historical tradition of firearm regulation").

[10] *United States v. Smith*, No. 02-502, 2023 WL 8092083, at *2 (E.D. Pa. Nov. 21, 2023) (citing 18 PA. CONS. STAT. §§ 3701(a)(1)(i)-(iii)).

[11] 18 PA. CONS. STAT. § 2702; *see United States v. Ramos*, 892 F.3d 599, 612 (3d Cir. 2018) ("[S]econd-degree aggravated assault with a deadly weapon, which similarly requires proving the attempted, knowing, or intentional causation of bodily injury, is categorically a violent crime.").

demonstrate he has a propensity for violence. "Aggravated assault, like murder and robbery, is a paradigmatic violent crime, and those who commit such a crime are dangerous to the public peace and would have been disarmed at the time of the Founding."[12] We join a number of our colleagues who have found banning firearms for individuals convicted of robbery or aggravated assault is constitutional because those who commit such crimes are dangerous and would have been disarmed at the time of the Founding.[13]

Mr. Leslie argues he was acting in self-defense during the incident giving rise to his plea to a 2013 firearms convictions under 18 PA. CONS. STAT. §§ 6105 and 6106. Even if Mr. Leslie can prove he acted in self-defense over ten years ago relating to these convictions, he asserts no such defense to the other six state convictions—each of which is enough, standing alone, to

---

[12] *United States v. McCants*, No. 22-310, 2023 WL 8436055, at *4 (E.D. Pa. Dec. 5, 2023).

[13] *United States v. McCants*, No. 22-310, 2023 WL 8436055, at *4 (E.D. Pa. Dec. 5, 2023) (finding section 922(g)(1) constitutional as applied to individual with prior conviction for aggravated assault because "[a]ggravated assault, like murder and robbery, is a paradigmatic violent crime, and those who commit such a crime are dangerous to the public peace and would have been disarmed at the time of the Founding"); *see United States v. Ames*, No. 23-178, 2023 WL 5538073, at *2–*3 (E.D. Pa. Aug. 28, 2023) (finding section 922(g)(1) constitutional as applied to individual with prior convictions for robbery and aggravated assault); *United States v. Cotton*, No. 22-471, 2023 WL 6465836, at *3–*4 (E.D. Pa. Oct. 4, 2023) (finding section 922(g)(1) constitutional as applied to defendant, reasoning, "Unlike Mr. Range who previously understated his income to qualify for government benefits to feed his family and sought to buy a hunting rifle and potentially a shotgun, Mr. Cotton was previously convicted of robbery and illegal possession of a firearm."); *United States v. Perkins*, No. 23-66, 2023 WL 7329503, at *3 (E.D. Pa. Nov. 7, 2023) (finding section 922(g)(1) constitutional as applied to defendant with two prior robbery convictions); *United States v. Spady*, No. 23-36, 2023 WL 7706263, at *2 (E.D. Pa. Nov. 14, 2023) ("Given Mr. Spady's prior record of aggravated assault, I am satisfied that his Indictment under § 922(g)(1) does not violate the Second Amendment."); *United States v. Adams*, No. 23-0122, 2024 WL 54112, at *10 (M.D. Pa. Jan. 4, 2024) ("Defendant's past crimes suggest that he has acted dangerously by engaging in physical violence with a deadly weapon or dangerous instrument and depriving people of their property through force. Individuals like defendant were disarmed under historical analogues."); *United States v. Williams*, No. 23-284, 2024 WL 69141, at *2 (E.D. Pa. Jan. 5, 2024) (finding section 922(g)(1) constitutional as applied to individual with prior convictions for aggravated assault, conspiracy, receiving stolen property, and firearms violations).

support Mr. Leslie's section 922(g) conviction.

Section 922(g)(1) is constitutional as applied to Mr. Leslie because, unlike in *Range*, permanently disarming him (as a person earlier convicted of several violent offenses) is "consistent with the Nation's historical tradition of firearm regulation."[14]

We deny Mr. Leslie's Motion.

KEARNEY, J.

---

[14] *Bruen*, 597 U.S. at 24.